**Serafino F. VELARDI, Plaintiff,**

v.

**NEW YORK CITY FIRE DEPARTMENT PENSION FUND, Defendant.**

**No. 95 Civ. 4548 (LAK).**

United States District Court,
S.D. New York.

Sept. 18, 1998.

---

Serafino F. Velardi, pro se.

Susan Sanders, Anshel David, Assistant Corporation Counsel, Michael D. Hess, Corporation Counsel of the City of New York, for Defendant.

## MEMORANDUM OPINION

KAPLAN, District Judge.

Plaintiff claims that he was forced to retire on disability from the New York City Fire Department, that he was not then advised of his ability to retire "for service," and that he therefore was the victim of discrimination on the basis of his disability. As it now is clear that the events of which plaintiff complains occurred long before the enactment of the Americans With Disabilities Act of 1990 ("ADA"),[1] the defendant's motion for summary judgment dismissing the complaint is granted.

*Facts and Prior Proceedings*

Plaintiff filed his *pro se* complaint in this action in 1995. He claims that he was discriminated against on the basis of disability in that his pension "is less than [for] service retirement pension[s]" afforded to others with 20 or more years of service. Specifically, he asserts that "[s]ervice retirees receive an additional benefit besides their regular pension, whereas, a disability retiree is denied that additional benefit even if he served 20 or more years of service before sustaining a disability."[2] The complaint alleges "that the alleged discriminatory acts occurred on: September 15, 1992."[3]

---

1. 42 U.S.C. § 12101 *et seq.*

2. Cpt ¶¶ 4, 7, 8.

3. *Id.* ¶ 5.

The defendant moved to dismiss the complaint. The motion was heard together with a motion in another case that raised the issue whether the defendant's making of certain payments to "for service" retirees that were not made to disability retirees violated the ADA. While it seemed at first blush that plaintiff's claim differed from those of the plaintiffs in the other case in that he appeared to contend that he was forced to take an inferior disability pension rather than being permitted to retire "for service," plaintiff made clear at oral argument that he was not misled concerning his option to retire "for service." Rather, he claimed that he simply was ignorant of his option to retire "for service." Accordingly, this Court concluded that plaintiff's position was no different than that of the plaintiffs in the other case and dismissed both.[4]

Plaintiffs in both cases appealed, and the appeals were consolidated for argument with other related cases. The Court of Appeals, among other things, upheld this Court's basic ruling that there was no ADA violation by virtue of the additional payments to "for service" retirees where similarly situated employees were free to choose whether to retire on disability or "for service."[5] It vacated the dismissal as to this plaintiff, however, on the ground that a failure to inform plaintiff of his right to retire "for service" would be sufficient to establish an ADA claim.[6]

The matter then returned to this Court, the defendant investigated the particulars of plaintiff's situation, plaintiff was deposed, and the facts turned out to be rather different from what plaintiff alleged in the complaint. Most importantly, whereas the complaint asserted that the discriminatory act complained of occurred on September 15, 1992, the truth is that plaintiff retired on ordinary disability on December 20, 1975. While defendant contends that the record shows also that plaintiff was fully aware of his right to retire "for service" and voluntarily chose the disability option, there is no need to go into those matters.

### Discussion

█ The ADA was enacted on July 26, 1990 and became effective in 1992. It is not retroactive, and it does not apply to actions taken prior to its effective date.[7] Here, plaintiff retired nearly seventeen years prior to the effective date of the statute. Even if he was "forced," by lack of adequate information concerning his retirement options, to retire on ordinary disability rather than on the allegedly more advantageous "for service" basis, the defendant's action simply was not covered by the ADA.

Plaintiff makes essentially three responses to this point. He asserts that "for the Defendant to raise such a defense when no such defense was raised before in the instant case, is completely unacceptable."[8] He points to New York state authorities holding that a denial of disability benefits "is of a 'continuing nature.'"[9] And he contends that the Court of Appeals' statement on the prior appeal that a failure to inform plaintiff of his rights "would be sufficient to establish Velardi's Title 1 ADA claim" is conclusive.[10] None has merit.

█ First, there was nothing "unacceptable" in the defendant's prior failure to raise the point upon which it now relies. Plaintiff's complaint falsely stated that the alleged discriminatory acts occurred on September 15, 1992.[11] When defendant discovered following the remand by the Court of Appeals

---

4. *Graboski v. Guiliani*, 937 F.Supp. 258 (S.D.N.Y.1996), *aff'd in part, rev'd in part sub nom. Castellano v. City of New York*, 142 F.3d 58 (2d Cir.), *pets. for cert. filed*, 66 U.S.L.W. 3790 (May 27, 1998) (No. 97–1961), 67 U.S.L.W. 3001 (June 18, 1998) (No. 97–2050).

5. *Castellano*, 142 F.3d at 71.

6. *Id.* at 72.

7. 104 Stat. 327, 337 (private employers), 338 (public entities) (1990); *Smith v. United Parcel Serv. of Am., Inc.*, 65 F.3d 266 (2d Cir.1995);

*O'Bryant v. City of Midland*, 9 F.3d 421, 422 (5th Cir.1993).

8. Notice of response to defendant's dispositive motion, at 4.

9. *Id.* at 5–6.

10. *Id.* at 7.

11. Cpt ¶ 5.

**626**

that plaintiff in fact was complaining of events that had occurred seventeen years earlier, it properly exercised it rights.

■ Second, the continuing violations doctrine, to which plaintiff presumably refers, has no bearing here. While the commission of a discriminatory act within the limitations period, in limited circumstances, may permit an employment discrimination plaintiff to obtain relief with respect to events for which relief otherwise would be barred by the statute of limitations,[12] there is not a scrap of support for the suggestion that an act lawful when committed may be rendered unlawful by the subsequent passage of legislation which proscribes such acts prospectively.

■ Finally, the Court of Appeals' statement on the prior appeal obviously must be considered in light of the facts that (a) plaintiff had alleged that the discriminatory acts complained of occurred on September 15, 1992, after the effective date of the ADA, and (b) in consequence, no issue as to the applicability of the statute to events prior to its effective date was presented. As a result of the complaint, everyone assumed that plaintiff's grievance related to events that were subject to the statute.

### Conclusion

For the foregoing reasons, defendant's motion for summary judgment dismissing the complaint is granted.

SO ORDERED.

---

**12.** *See, e.g., Johnson v. Nyack Hosp.*, 891 F.Supp. 155, 162–66 (S.D.N.Y.1995), *aff'd on other grounds,* 86 F.3d 8 (2d Cir.1996).